IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC DAVENPORT,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, METRA, REGIONAL TRANSPORTATION AUTHORITY, METRA POLICE OFFICER ERIC JOHNSON #984, and METRA POLICE OFFICER NEWMAN #102<br>    Defendants. | Case No: |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ERIC DAVENPORT, by and through his attorneys, Blake Horwitz, Esq. and Leah Selinger, Esq. of The Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint at Law, states the following against the above named Defendants, OFFICER ERIC JOHNSON #984, OFFICER NEWMAN #102, and UNKNOWN OFFICERS to wit, hereinafter, the "DEFENDANT OFFICERS", NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION to wit, hereinafter, "NIRC", METRA, and the REGIONAL TRANSPORTATION AUTHORITY to wit, hereinafter, "RTA".

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. PLAINTIFF, ERIC DAVENPORT, is a resident of the State of Illinois and of the United States.

3. The DEFENDANT OFFICERS at all times relevant hereto, were employed by and acting on behalf of NIRC, METRA, and the RTA.

4. METRA, NIRC, and RTA are duly incorporated municipal corporations and are the employers and principals of the DEFENDANT OFFICERS. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF HOMEWOOD.

## FACTS

5. On or about March 7th, 2010, at approximately 2:45p.m. the DEFENDANT OFFICERS arrived at or about 151 East Randolph Street, Chicago, Illinois 60601 known as the "Metra Millennium Train Station".

6. At that time and location, PLAINTIFF was working as a self-employed bike repairman for Chi-Town Cyclery.

7. PLAINTIFF purchased a Metra Weekend passenger ticket for the purpose of transporting two bikes for repair.

8. The DEFENDANT OFFICERS were on duty at all times relevant to this Complaint, and engaged in the complained of conduct in the course and scope of their employment.

9. The DEFENDANT OFFICERS assaulted and/or battered, participated in the assault and/or battery, and/or failed to prevent the assault and/or battery of PLAINTIFF.

10. On March 7, 2010, the DEFENDANT OFFICERS arrested, participated in the arrest, and/or failed to prevent the arrest of PLAINTIFF notwithstanding the fact that the DEFENDANT

OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that any criminal activity took place relative to PLAINTIFF. PLAINTIFF was not released from jail until March 8, 2010.

11. On March 7th, 2010, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

12. On March 7th, 2010, PLAINTIFF was attempting to transport two bikes on a METRA train which is authorized by METRA'S weekend policy.

13. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, criminal charges were lodged against PLAINTIFF for trespassing and disobeying a police officer, disorderly conduct – breach of peace, battery, and resisting/obstructing a peace officer.

14. On or about December 2, 2011, all the underlying criminal charges were resolved in favor of PLAINTIFF and in a manner indicative of PLAINTIFF's innocence.

15. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF suffered damages including but not limited to injuries to PLAINTIFF'S head, throat, lip, left shoulder, right ribs, financial losses, attorney fees, lost wages and loss of freedom.

16. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF'S business and livelihood was disrupted and he suffered economic losses.

17. On or about March 7th, 2010, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and the DEFENDANT OFFICERS were duly appointed METRA

OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that any criminal activity took place relative to PLAINTIFF. PLAINTIFF was not released from jail until March 8, 2010.

11. On March 7th, 2010, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

12. On March 7th, 2010, PLAINTIFF was attempting to transport two bikes on a METRA train which is authorized by METRA'S weekend policy.

13. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, criminal charges were lodged against PLAINTIFF for trespassing and disobeying a police officer, disorderly conduct – breach of peace, battery, and resisting/obstructing a peace officer.

14. On or about December 2, 2011, all the underlying criminal charges were resolved in favor of PLAINTIFF and in a manner indicative of PLAINTIFF's innocence.

15. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF suffered damages including but not limited to injuries to PLAINTIFF'S head, throat, lip, left shoulder, right ribs, financial losses, attorney fees, lost wages and loss of freedom.

16. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF'S business and livelihood was disrupted and he suffered economic losses.

17. On or about March 7th, 2010, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and the DEFENDANT OFFICERS were duly appointed METRA

police officers for NIRC and/or METRA and/or RTA. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

## CONSPIRACY

18. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. agreeing to falsely arrest the PLAINTIFF;

   b. agreeing to falsely institute criminal charges/proceedings against the PLAINTIFF;

   c. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   d. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

   e. agreeing not to report each other after falsely arresting and/or charging the PLAINTIFF;

   f. generating false documentation to cover-up for their own and each other's misconduct;

19. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 7th, 2010, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer physical injury, be charged with criminal allegations, incur financial losses, including attorneys' fees, and suffer emotionally.

**SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE**

20. The actions of the DEFENDANT OFFICERS in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause.

21. The individual defendants acted with discriminatory intent by treating PLAINTIFF differently, trying to cause further injury to PLAINTIFF by illegally generating false evidence and/or documentation and caused PLAINTIFF to be criminally prosecuted.

22. In connection with this Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis.

23. The individual defendants, in joint action, acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence and/or documentation against PLAINTIFF.

24. Plaintiff worked at the Chi-Town Cyclery from approximately October 24th, 2007 through March 7th, 2010 as a self-employed bicycle repairman.

25. During the time that Plaintiff worked at the Chi-Town Cyclery, OFFICER ERIC JOHNSON #984 and other Metra Police Officers developed a dislike and animus towards PLAINTIFF.

26. The DEFENDANT OFFICER ERIC JOHNSON #984 and/or OFFICER NEWMAN #102 acted pursuant to this dislike and animus towards PLAINTIFF when they conspired with

METRA, NIRC, and RTA to arrest, criminally prosecute and falsify evidence and/or documentation against PLAINTIFF.

27. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with DEFENDANT OFFICERS who were stopped and investigated by DEFENDANT OFFICERS.

28. Other individuals with whom the DEFENDANT OFFICERS have had an investigatory basis to communicate with have not had false evidence and/or documentation generated against them.

29. These similarly situated individuals were not arrested, prosecuted or had excessive force applied to their person.

30. Upon information and/or belief, the DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

31. Upon information and/or belief, on at least 20 occasions prior to March 7th, 2010 the DEFENDANT OFFICERS, each of them, have not falsified police reports.

32. Upon information and/or belief, on at least 20 occasions prior to March 7th, 2010 the DEFENDANT OFFICERS, each of them, have not partaken in, or contributed to, the falsification of police reports.

33. Upon information and/or belief, The DEFENDANT OFFICERS, each of them, have been trained, prior to March 7th, 2010, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

34. Upon information and/or belief, OFFICER ERIC JOHNSON #984, on at least 20 occasions prior to and/or after March 7th, 2010, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

35. Upon information and/or belief, OFFICER ERIC JOHNSON #984, on at least 20 occasions prior to and/or after March 7th, 2010, has signed criminal complaints and has not falsified information contained within said charging instruments.

36. On March 7th, 2010, there was no reasonable reason for OFFICER ERIC JOHNSON #984 to falsify a police report and/or criminal complaint or use more force than was necessary, with respect to PLAINTIFF.

37. Upon information and/or belief, OFFICER NEWMAN #102, on at least 20 occasions prior to and/or after March 7th, 2010, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

38. Upon information and/or belief, OFFICER NEWMAN #102, on at least 20 occasions prior to and/or after March 7th, 2010, has signed criminal complaints and has not falsified information contained within said charging instruments.

39. On March 7th, 2010 there was no reasonable reason for OFFICER NEWMAN #102 to falsify a police report and/or criminal complaint or use more force than was necessary with respect to PLAINTIFF.

<div style="text-align:center">

**COUNT I
False Arrest Claim Pursuant to
42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution**

</div>

40. PLAINTIFF re-allege paragraphs 1 – 39 as though fully set forth herein.

41. The actions of the DEFENDANT OFFICERS caused the arrest of PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

42. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

43. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, the Plaintiff, ERIC DAVENPORT, demands compensatory damages from the DEFENDANT OFFICERS and NIRC, METRA, and RTA. Plaintiff, ERIC DAVENPORT, also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS for whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest – State Law Claim

44. PLAINTIFF re-alleges paragraphs 1 – 39 as though fully set forth herein.

45. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as federal law.

46. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS for whatever additional relief this Court deems equitable and just.

## COUNT III
### Malicious Prosecution – State Law Claim

47. PLAINTIFF re-alleges paragraphs 1 – 39 as though fully set forth herein.

48. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced and/or caused a continuation of a criminal proceeding against PLAINTIFF.

49. The DEFENDANT OFFICERS arrested and charged the PLAINTIFF with various criminal offenses.

50. The DEFENDANT OFFICERS charged PLAINTIFF with the criminal activity alleged above without probable cause.

51. The DEFENDANT OFFICERS charged PLAINTIFF with the criminal activity alleged above, knowing the charges were false.

52. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF on or about December 2, 2011. All the charges lodged against the PLAINTIFF were discontinued in a manner indicative of PLAINTIFF's innocence.

53. The conduct of the DEFENDANT OFFICERS alleged above violated Illinois law.

54. The conduct alleged in this Count was undertaken with malice, willfulness and reckless indifference to the rights of the Plaintiff.

55. The actions of the DEFENDANT OFFICERS alleged above were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against the DEFENDANTS and award compensatory damages, costs and attorney's fees. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS as well as any other relief that this Court deems just and appropriate.

## COUNT IV

### Excessive Force and Failure to Intervene Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

56. PLAINTIFF re-alleges paragraphs 1 – 39 as though fully set forth herein.

57. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto the PLAINTIFF.

58. This conduct violated the Fourth Amendment of the United States Constitution.

59. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT V
### § 1983 Conspiracy Claim

60. PLAINTIFF re-alleges paragraphs 1 – 39 as though fully set forth herein.

61. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VI
### Conspiracy Claim – State Law

62. PLAINTIFF re-alleges paragraphs 1 – 39 as though fully set forth herein.

63.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and law.

   WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VII
### Equal Protection – Class of One

64. Plaintiff re-alleges paragraphs 1 – 39 as though fully set forth herein.

65. The actions of THE DEFENDANT OFFICERS violate the Equal Protection clause to the United States Constitution.

66. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

   WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against METRA

67.     PLAINTIFF re-allege paragraphs 1 – 39 as though fully set forth herein.

68.     Defendant METRA is the employer of the DEFENDANT OFFICERS.

69.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of METRA.

   WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiff, ERIC DAVENPORT, demands that, pursuant to 745 ILCS

10/9-102, METRA pay any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

### COUNT IX
### 745 ILCS 10/9-102 Claim Against NIRC

70. PLAINTIFF re-allege paragraphs 1 – 39 as though fully set forth herein.

71. Defendant NIRC is the employer of the DEFENDANT OFFICERS.

72. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of NIRC.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiff, ERIC DAVENPORT, demands that, pursuant to 745 ILCS 10/9-102, NIRC pay any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

### COUNT X
### 745 ILCS 10/9-102 Claim Against RTA

73. PLAINTIFF re-allege paragraphs 1 – 39 as though fully set forth herein.

74. Defendant RTA is the employer of the DEFENDANT OFFICERS.

75. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of RTA.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiff, ERIC DAVENPORT, demands that, pursuant to 745 ILCS 10/9-102, RTA pay any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## **JURY DEMAND**

76. Plaintiff demands trial by jury.

                Respectfully submitted,


                s/ Blake Horwitz_____
                Attorney for the Plaintiff


The Blake Horwitz Law Firm, Ltd.
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076